IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

HARTFORD ACCIDENT AND INDEMNITY )
COMPANY, HARTFORD FIRE INSURANCE )
COMPANY, AND TWIN CITY FIRE )
INSURANCE COMPANY, )
)
      Plaintiffs, )
)
v. ) Case No. 3:14-cv-00559-JJH
)
) Judge Jeffrey J. Helmick
)
FFP HOLDINGS LLC, )
OHIO DECORATIVE PRODUCTS, LLC, )
MOELLER CONSTRUCTION COMPANY, )
MOELLER LAND & CATTLE COMPANY, INC. )
GREAT AMERICAN ALLIANCE INSURANCE )
COMPANY, WESTCHESTER FIRE )
INSURANCE COMPANY, OHIO )
CASUALTY INSURANCE COMPANY, )
AND DOE COMPANIES )
1 THROUGH 5. )
)
      Defendants. )

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiffs Hartford Accident and Indemnity Company ("Hartford Accident"), Hartford Fire Insurance Company ("Hartford Fire"), and Twin City Fire Insurance Company ("Twin City") allege as follows for their Complaint against Defendants FFP Holdings LLC ("Flexible")(formerly known as Flexible Foam Products, LLC and Flexible Foam Products, Inc.), Ohio Decorative Products, LLC ("Ohio Dec")(formerly known as Ohio Decorative Products, Inc.), Moeller Construction Company ("Moeller Construction"), Moeller Land & Cattle Company, Inc. ("Moeller Land"), Great American Alliance Insurance Company ("Great

American"), Westchester Fire Insurance Company ("Westchester"), Ohio Casualty Insurance Company ("Ohio Casualty"), and Doe Companies 1 through 5:

## NATURE OF ACTION

1. This is an action for declaratory judgment pursuant to 28 U.S.C. Sec. 2201 wherein plaintiffs seek a declaration that their insurance policies issued to one or more of the non-insurer defendants do not provide coverage for defense, reimbursement of defense costs or indemnity of the alleged environmental liabilities and remediation costs of Flexible, Ohio Dec, Moeller Construction and Moeller Land arising out of the Lusher Street Groundwater Contamination Site ("the Site") in Elkhart, Indiana.

## PARTIES

### PLAINTIFFS

2. Plaintiff Hartford Accident is a Connecticut corporation having its principal place of business in Hartford, Connecticut. Hartford Accident issued the following liability insurance policies to Flexible Foam Products, Inc. ("Flexible, Inc."), Ohio Decorative Products, Inc. ("Ohio Dec, Inc."), and/or Moeller Land under which coverage for liability arising out of the Site, as further described herein, is being or may be sought:

| Insurer | Insureds | Policy No. | Effective Dates |
|---|---|---|---|
| Hartford Accident | Flexible, Inc. | 20UENRG2026 | 12/29/86 to 12/29/87 |
| Hartford Accident | Flexible, Inc. | 20UENZT5417 | 12/29/87 to 12/29/88 |
| Hartford Accident | Flexible, Inc. | 20UENRG2026 | 12/29/87 to 12/29/88 |
| Hartford Accident | Ohio Dec, Inc., Moeller Land | 20UENZT9831 | 02/28/88 to 02/28/89 |
| Hartford Accident | Flexible, Inc. | 20UENRG2026 | 12/29/88 to 12/29/89 |

3. Plaintiff Hartford Fire is a Connecticut corporation having its principal place of business in Hartford, Connecticut. Hartford Fire issued the following liability insurance policies

2

to Flexible, Inc. under which coverage for liability arising out of the Site, as further described herein, is being or may be sought:

| Insurer | Insureds | Policy No. | Effective Dates |
|---|---|---|---|
| Hartford Fire | Flexible, Inc. | 20UENME9251 | 12/29/98 to 12/29/99 |
| Hartford Fire | Flexible, Inc. | 20UENME9251 | 12/29/99 to 12/29/00 |
| Hartford Fire | Flexible, Inc. | 20UENME9251 | 12/29/00 to 12/29/01 |

4. Plaintiff Twin City is an Indiana corporation having its principal place of business in Hartford, Connecticut. Twin City issued the following liability insurance policies to Flexible, Inc. and/or Moeller Construction under which coverage for liability arising out of the Site, as further described herein, is being or may be sought:

| Insurer | Insureds | Policy No. | Effective Dates |
|---|---|---|---|
| Twin City | Flexible, Inc. | 20UENMD3170 | 12/29/89 to 12/29/90 |
| Twin City | Flexible, Inc. | 20UENMD3170 | 12/29/90 to 12/29/91 |
| Twin City | Flexible, Inc. | 20UENMD3170 | 12/29/91 to 12/29/92 |
| Twin City | Flexible, Inc. | 20UENMD3170 | 12/29/92 to 12/29/93 |
| Twin City | Flexible, Inc. | 20UENLZ0217 | 12/29/93 to 12/29/94 |
| Twin City | Flexible, Inc. | 20UENLZ0217 | 12/29/94 to 12/29/95 |
| Twin City | Moeller Construction c/o Flexible, Inc. | 20UENGR2241 | 10/17/95 to 10/17/96 |
| Twin City | Flexible, Inc. | 20UENLZ0217 | 12/29/95 to 12/29/96 |
| Twin City | Moeller Construction c/o Flexible, Inc. | 20UENGR2241 | 10/17/96 to 10/17/97 |
| Twin City | Flexible, Inc. | 20UENME9251 | 12/29/96 to 12/29/97 |
| Twin City | Flexible, Inc. | 20UENME9251 | 12/29/97 to 12/29/98 |

**DEFENDANTS**

5. On information and belief, defendant Flexible is an Ohio limited liability company. Flexible was formerly known as Flexible Foam Products, LLC, and previously Flexible Foam Products, Inc., which was an Ohio corporation having its principal place of business in Spencerville, Ohio at the time the initial Complaint was filed herein.

6. On information and belief, defendant Ohio Dec is an Ohio limited liability company. Ohio Dec was formerly known as Ohio Decorative Products, Inc., which was an Ohio corporation having its principal place of business in Spencerville, Ohio at the time the initial Complaint was filed herein.

7. Defendant Moeller Construction is an unincorporated proprietorship located in Spencerville, Ohio.

8. Defendant Moeller Land is an Ohio corporation having its principal place business in Spencerville, Ohio.

9. Defendant Westchester is a Pennsylvania corporation having its principal place of business in Philadelphia, Pennsylvania. On information and belief, Westchester is responsible by reason of assumption or novation for certain excess liability insurance policies issued by International Insurance Company which may provide coverage to Flexible, Ohio Dec, Moeller Construction and/or Moeller Land. Westchester is named as a defendant because it has an interest in the outcome of this litigation.

10. Defendant Great American is an Ohio corporation having its principal place of business in Cincinnati, Ohio. On information and belief, Great American issued umbrella liability insurance policies which may provide coverage to Flexible, Ohio Dec, Moeller Construction and/or Moeller Land. Great American is named as a defendant because it has an interest in the outcome of this litigation.

11. Defendant Ohio Casualty is a New Hampshire corporation having its principal place of business in Boston, Massachusetts. On information and belief Ohio Casualty is responsible for Policy Number 0-04-06-56-00 issued by Great American Insurance Company to

Flexible Foam Products, Inc. for the period from 12/29/87 – 12/29/88.  Ohio Casualty is named as a defendant because it has an interest in the outcome of this litigation.

12. Defendants Doe Companies 1 through 5 are insurance companies which may have issued primary or excess general liability insurance policies which may provide coverage to Flexible, Ohio Dec, Moeller Construction and/or Moeller Land.  Plaintiffs are without knowledge or information sufficient to form a belief as to the identities or citizenship of Doe Companies 1 through 5.  Doe Companies 1 through 5 are named as defendants because they have an interest in the outcome of this litigation.

## JURISDICTION AND VENUE

13. Jurisdiction is proper in this Court, pursuant to 28 U.S.C. Sec. 1332(a), because the plaintiffs and known defendants are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

14. Venue is proper in this District, pursuant to 28 U.S.C. Sec. 1391(a)(2), because a substantial part of the events giving rise to the claim herein occurred within this District.

## LUSHER STREET GROUNDWATER CONTAMINATION SITE

15. By letter dated August 27, 2013 (the "August 2013 Letter"), Ohio Dec, Inc. and Flexible, Inc. first notified plaintiffs that the Environmental Protection Agency ("EPA") had, at an unspecified time, requested information from them about whether Flexible, Inc. had ever used, purchased, stored or disposed of certain solvents including 1,1,1-Trichloroethane at the Site. They advised plaintiffs that Flexible, Inc. has operated a facility at the Site from October 15, 1986 to the present in a building owned by Moeller Land and previously owned by Ohio Dec. The August 2013 Letter also stated that, at an unspecified time, the EPA had collected soil

5

and groundwater samples from the Flexible property on the Site. Further, the August 2013 Letter advised plaintiffs that, in response to the EPA's prior request for information, Ohio Dec, Inc. and Flexible, Inc. had disclosed that 1,1,1 – Trichloroethane was a component in an adhesive that had been used at the facility in the past. The August 2013 Letter did not include a copy of the EPA's request for information or Ohio Dec, Inc. and Flexible, Inc.'s response to the EPA. The August 2013 Letter requested that plaintiffs investigate this matter and confirm alleged policy obligations, including defense obligations, under certain policies including policies issued to Flexible, Inc., Ohio Dec,, Inc. Moeller Land and Moeller Construction (collectively, the "Flexible Entities").

16. By letter dated August 30, 2013, plaintiffs advised the Flexible Entities that it would commence an investigation and requested information to assist with plaintiffs' investigation.

17. Plaintiffs received no further correspondence from the Flexible Entities until November 22, 2013, when the Flexible Entities forwarded to plaintiffs two letters dated November 13, 2013 from the EPA notifying Flexible that it is a Potentially Responsible Party at the Site, pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. sec. 9607(a), as amended. The Flexible Entities' November 22, 2013 letter also asked that plaintiffs provide a "formal coverage position." As set forth in plaintiffs First Cause of Action, the Flexible Entities are not entitled to coverage under plaintiffs' policies.

6

## FIRST CAUSE OF ACTION
### CLAIM FOR DECLARATORY JUDGMENT

18. Plaintiffs reallege the allegations of paragraphs 1 through 16 above as if fully set forth herein.

19. Plaintiffs request that this Court determine that plaintiffs do not currently have and never had any obligation to defend, reimburse defense costs, or indemnify any of the Flexible Entities, Flexible or Ohio Dec under the insurance policies issued by plaintiffs, with respect to the Site, because plaintiffs' policies contain pollution exclusions. Those exclusions state in relevant part, with minor variations and inapplicable exceptions, that the insurance does not apply to:

    f.    Pollution

        (1)    "Bodily injury or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of pollutants:

            a.    At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured;

            b.    At or from any premises, site or location which is or was at any time used by of for any insured or others for the handling, storage, disposal, processing or treatment of waste;

            c.    Which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any insured or any person …

        (2)    Any loss, cost, or expense arising out of any:

            a.    Request, demand or order that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; or

    b.  Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

20. Plaintiffs' policies may additionally bar coverage to the Flexible Entities, Flexible or Ohio Dec on one or more of the following grounds:

  a. Coverage is barred to the extent there has not been an "accident" or "occurrence" under the terms of plaintiffs' policies;

  b. Coverage is barred to the extent there has not been any injury that constitutes "property damage," "bodily injury" or "personal injury" within the meaning of plaintiffs' policies;

  c. Coverage is barred to the extent that any "property damage," "bodily injury" or "personal injury" for which coverage is sought occurred prior to the inception of or after the expiration of one or more of the policy periods of plaintiffs' policies;

  d. Coverage is barred to the extent that coverage is sought for equitable or injunctive relief;

  e. Coverage is barred to the extent coverage is sought for fines or penalties;

  f. Coverage is barred to the extent coverage is sought for alleged "bodily injury," "personal injury" or "property damage" which was expected or intended from the standpoint of the insured under plaintiffs' policies;

g. Coverage is barred to the extent there has been a failure to mitigate, minimize or avoid any "bodily injury," "personal injury" or "property damage" and/or a failure to mitigate, minimize or avoid liabilities;

h. Coverage is barred and/or limited under the doctrine of known loss;

i. Coverage is barred to the extent coverage for the remediation costs or environmental liabilities would be in violation of public policy;

j. Coverage is barred to the extent there was a negligent or intentional failure to disclose, and/or a negligent or intentional concealment, misrepresentation or omission of, facts material to the risks at issue for purposes of inducing plaintiffs to sell their policies;

k. Coverage is barred to the extent there has been a breach of any policy conditions requiring the insured to cooperate with plaintiffs or prohibiting voluntary payments or the voluntary assumption of obligations;

l. Coverage is barred to the extent there has been a breach of any policy conditions requiring the insured to provide timely and/or proper notice to plaintiffs;

m. Coverage is barred and/or limited due to the existence of other insurance;

n. Coverage is barred and/or limited by virtue of the per occurrence limits and/or the aggregate limits applicable to plaintiffs' policies;

o. Coverage is barred to the extent that any party seeking coverage is not insured, either as a named or as an additional insured, under plaintiffs' policies and has not succeeded to any rights under the policies or to the

extent the policies only provide coverage for specific operations or locations unrelated to the Site;

p. Coverage for defense or reimbursement of defense costs is barred to the extent that there has not been a "suit" against any of the Flexible Entities;

q. In the event that one or more of the insurance policies issued by plaintiffs is found to provide coverage for any of the underlying matters, then plaintiffs' coverage obligations would be limited to their appropriate share of allocated liability;

r. Coverage is barred to the extent that any claimed loss was not fortuitous; and

s. Coverage may be barred in whole or in part by the other terms, exclusions, conditions and limitations contained in plaintiffs' policies.

WHEREFORE, plaintiffs Hartford Accident and Indemnity Company, Hartford Fire Insurance Company, and Twin City Fire Insurance Company pray for judgment as follows:

A. Declaring that plaintiffs do not currently have and never had any obligation for defense, reimbursement of defense costs, or indemnity to defendants Flexible Entities, Flexible, or Ohio Dec in connection with the Site.

B. Awarding plaintiffs such fees, costs and disbursements as are recoverable by law; and

C. Awarding plaintiffs such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

HARTFORD ACCIDENT AND INDEMNITY COMPANY
HARTFORD FIRE INSURANCE COMPANY
TWIN CITY FIRE INSURANCE COMPANY


/s/ Stuart J. Goldberg
Stuart J. Goldberg, Esq.
Eastman & Smith
24th Floor
One SeaGate
P.O. Box 10032
Toledo, OH 43699
(419) 247-1623
Fax: (419) 247-1777
SJGoldberg@EastmanSmith.com

11